Michael D. Mahon 207578
4724 S Land Park Dr.
Sacramento, CA 95822
(916) 539-1226; f (916) 848-0598
Attorney for J. Anthony Varr

UNITES STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re. Joseph Anthony Varr, | ) Case No.: 2011-55496 |
| | ) |
| Debtor. | ) Adversary Complaint to |
| | ) Determine the Validity of Lien |
| | ) Under |
| _____ | ) |
| | ) |
| Joseph Anthony Varr, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Carl E. Berg, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Jurisdiction

This matter is brought up under 28 USC §157(b)(2)(B) as a core proceeding to determine the validity of a lien.

Venue

Venue is proper as the plaintiff is a debtor with a pending bankruptcy case in this district.

- 1 -
Complaint to Determine Validity of Lien

Facts

1. On or about June 13, 2008, Plaintiff J. Anthony Varr executed a variety of trust deeds supporting a debt jointly owed by him, Martha Sanchez, and their wholly-owned LLC ventures.

2. Among these trust deeds was one purporting to convey a security interest in an improved lot in Cupertino that was actually held in the Saratoga Land Corporation Defined Benefit Pension Plan, and ERISA-compliant pension plan.

3. The land is APN 366-09-044 in Santa Clara County.

4. This purported transfer violated 29 USC §1056(d)(1), and is therefore void.

5. The purported transfer was made without knowledge of the law and without intent to defraud.

6. Adequate security in property other than the Cupertino lot existed to cover the debt.

First Cause of Action

Determination of Validity of Lien

7. Plaintiff incorporates the facts enumerated above.

8. A judicial declaration is required to determine the validity of the lien.

9. Plaintiff requests that the court find the transfer was violative of ERISA's anti-alienation provisions and that the trust deed is therefore void.

PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. That the purported transfer of the Pension property by trust deed be adjudge null and void.

2. That the parties be ordered to draft, file, and maintain such instruments as are required to clear any title issue arising from the void transfer.

DATED: August 31, 2012

                              /s/ Michael D. Mahon
                              Attorney for Debtor J. Anthony Varr

Case: 12-05183   Doc# 1   Filed: 08/31/12   Entered: 08/31/12 11:57:39   Page 3 of 3